IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANGELA WHITTENBURG                                                              PLAINTIFF

v.                                    CIVIL NO. 12-5059

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Angela Whittenburg, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on May 29, 2009, alleging an inability to work since February 12, 2009, due to Crohn's disease, osteoarthritis of the lower back, vision problems, multiple levels of degenerative disc disease, and asthma.[2] (Tr. 104, 138).

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the Defendant in this suit.

[2] At the administrative hearing held on July 13, 2010, Plaintiff amended her alleged onset date to May 14, 2009. (Tr. 41).

AO72A
(Rev. 8/82)

An administrative hearing was held on July 13, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 37-59).

By written decision dated October 26, 2010, the Administrative Law Judge (ALJ) found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, Crohn's disease, asthma, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a). She can lift/carry 10 pounds. She can only occasionally climb, balance, crawl, kneel, stoop and crouch. Additionally, she must avoid concentrated exposure to pulmonary irritants, including fumes, dusts, odors, fumes (sic), gases and poor ventilation. She also requires reasonable access to restroom facilities such that she could use them during normal work breaks.

(Tr. 15). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small product assembler, a small production machine operator, and a credit interviewed. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 1, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8,10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**III.    Discussion:**

Plaintiff argues the following issues in this appeal: 1) the ALJ erred in determining Plaintiff's severe impairments; 2) the ALJ erred in determining Plaintiff's RFC; 3) the ALJ erred in determining what jobs Plaintiff was able to perform; and 4) the ALJ failed to properly develop the record.

**A.    Plaintiff's Impairments:**

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test

so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

Plaintiff argues that the ALJ improperly found Plaintiff's alleged fainting/syncope and depression/anxiety to be a non-severe impairments. A review of the medical evidence failed to show that Plaintiff sought treatment for either of these impairments during the relevant time period. In fact, on August 6, 2009, the last time Plaintiff sought medical treatment from her treating physician, Plaintiff failed to mention any difficulties with fainting, syncope or mental impairments. (Tr. 405). The Court would note Plaintiff was seen on this date to undergo a physical so that she could become a foster parent and the examination notes fail to report any difficulties with these alleged impairments.

While the ALJ found that Plaintiff's alleged fainting/syncope and depression/anxiety were non-severe, the ALJ clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. (Tr. 13). See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered

AO72A
(Rev. 8/82)

separately, would be of sufficient severity"). Thus, the ALJ's finding that Plaintiff's alleged fainting/syncope and depression/anxiety were not "severe" impairments does not constitute reversible error.

### B.     The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations. The Court finds, based upon the record as a whole and the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit. Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

### C.     Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  With regard to Plaintiff's Crohn's disease, the ALJ noted that when Plaintiff was compliant with her treatment plan, her Crohn's disease was kept under control.  (Tr. 258-261).  The Court notes that if an impairment can be controlled by treatment or medication, it cannot be considered disabling." Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir.2004) (internal quotations omitted); see 20 C.F.R. §§ 404.1530(b), 416.930(b) ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled....").

With regard to an alleged mental impairment, the record failed to show Plaintiff sought treatment from a mental health professional.  See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for

depression weighs against plaintiff's claim of disability). It is also noteworthy that Plaintiff did not allege a mental impairment when she applied for benefits. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to allege disabling mental impairment in application is significant, even if evidence of depression is later developed).

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### D.  Fully and Fairly Develop the Record:

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

### E.  Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth

AO72A
(Rev. 8/82)

the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).   Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a small product assembler, a small production machine operator, and a credit interviewed.  Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 12th day of April, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)